CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 2 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MAXIMILLIAN SLOLEY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:07cv00507 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner, Maximillian Sloley, currently housed at United States Penitentiary at Lee County, Virginia ("USP Lee"), filed this 28 U.S.C. § 2241 motion challenging a disciplinary hearing which resulted in various sanctions, including loss of good conduct time. However, the Bureau of Prisons ("BOP") has expunged the disciplinary data regarding the challenged disciplinary action from Sloley's discipline record and re-credited his record to reflect no loss of good conduct time. Accordingly, the court finds that this action is moot and, therefore, grants respondent's motion to dismiss.

I.

On November 7, 2006, while at Federal Correctional Institution at Otisville, New York ("FCI Otisville"), Sloley was charged with institutional infractions for allegedly assaulting another inmate while wearing a disguise or mask. In January 2007, a Discipline Hearing Officer ("DHO") conducted a hearing concerning the alleged assault and disguise. The DHO found Sloley guilty and sanctioned him with 60 suspended days of segregation time, disallowance of 14 days good conduct time, forfeiture of 108 days of nonvested good conduct time, 1-year loss of visiting, commissary, and television privileges, and a recommended disciplinary transfer. Sloley's appeal of the DHO's decision to the Regional Director was denied. In his petition, Sloley indicates that he timely appealed the Regional Director's April 2007 decision but received no response as of the time he filed his federal habeas petition in October 2007. However, in his motion to dismiss, respondent indicates, and Sloley does not contest, that Sloley's last appeal was partially granted in October 2007 and a rehearing was ordered.

Consequently, respondent indicated that the DHO's sanctions, including the loss of good conduct time, would not be given effect and Sloley's record would be updated to reflect no loss of good conduct time.

## II.

Sloley claims he was denied due process and found guilty upon insufficient evidence at his disciplinary hearing, which resulted in the DHO sanctioning him with loss of good conduct time, loss of certain privileges, a recommended disciplinary transfer, and suspended segregation time. However, Sloley's disciplinary action has been remanded on appeal, the disciplinary action has been expunged from his inmate record, and he has been credited all good conduct time lost with regard to this disciplinary action. Therefore, the court finds that this claim is now moot.[1]

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.").

---

[1] It is unclear whether the DHO's sanctions of loss of certain privileges, a recommended disciplinary transfer, and suspended segregation time were applied to Sloley during the time his appeals were pending; however, any claim Sloley might have regarding these sanctions would not be actionable in a federal habeas petition. A petition for writ of habeas corpus may be brought by a prisoner who seeks to challenge the fact or duration of the prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent Sloley challenges the denial of his television, commissary, and visiting privileges, recommended disciplinary transfer, or the suspended segregation time, he is not challenging the duration or propriety of his sentence. Instead, Sloley is challenging the conditions of his confinement, which are actionable under 42 U.S.C. § 1983, not § 2241.

In this case, Sloley's claims are moot because no viable issues remain to be resolved. All of Sloley's claims pertain to the sufficiency of the evidence and alleged due process violations at his DHO hearing held on January 24, 2007. However, on October 9, 2007, Sloley's disciplinary action was remanded for rehearing. Further, the BOP expunged the discipline data from Sloley's inmate discipline record and updated Sloley's Sentence Monitoring Good Time Data record to reflect no loss of good conduct time based on the challenged disciplinary action. Accordingly, Sloley's complaints regarding the initial hearing have been rendered moot. See Hayes v. Evans, 70 F.3d 85, 86 (10th Cir. 1995); Rojas v. Driver, No. 5:06cv88, 2007 U.S. Dist. LEXIS 71177 (N.D. W. Va. Sept. 24, 2007).

### III.

For the reasons stated herein, the court grants respondent's motion to dismiss.

ENTER: This 22nd day of July, 2008.

_____
United States District Judge